UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAYNE BROWN, as Personal Representative of the Estate of Steven P. Brown,<br><br>               Plaintiff,<br><br>v.<br><br>VALLEY COUNTY, a political subdivision of the State of Idaho; and GORDON CRUICKSHANK, JERRY WINKLE and RAY MOORE, Valley County Commissioners, in their individual and official capacities, and JOHN DOES I – XX,<br><br>               Defendants. | Case No. 1:12-cv-00057-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Steven Brown[1] filed a complaint against Valley County and its three

Commissioners on February 8, 2012. The complaint asserts a claim under 42 U.S.C. §

1983, for deprivation of due process arising out of Brown's constitutional property

---

[1] Steven Brown passed away on August 15, 2012, and his wife, Jayne Brown, was appointed personal representative of his estate. (Dkt. 27.) Jayne Brown was substituted as Plaintiff by the parties' stipulation. (Dkt. 31.)

**MEMORANDUM DECISION AND ORDER - 1**

interest in his employment Valley County. Brown's second cause of action arises under the Idaho State Constitution, also alleging a deprivation of his property interest in his employment, which he claims could not be terminated without due process. Brown further contends that Defendants are liable for spoliation of evidence, because they either negligently or intentionally failed to record or preserve the recording of a pre-termination hearing held on February 2, 2011.

Brown moves for partial summary judgment, seeking an order finding that he had a constitutionally protected property interest in his employment relationship with Defendant Valley County. If the Court finds for Brown, he may move forward with his claims. Opposing him, Defendants, who collectively will be referred to as Valley County, seek summary judgment on the grounds that Brown did not have a protected property interest in his continued employment because he was an "at-will" employee. If the Court finds for Valley County, Brown's complaint will be dismissed.

The Court conducted a hearing on February 4, 2013, at which the parties appeared and presented oral argument. The day after the hearing, Defendants filed a Motion for Certification to the Idaho Supreme Court, contending that this case presents an issue appropriate for the Idaho Supreme Court to decide. That motion now has been fully briefed, and will be decided without a hearing. Dist. Idaho L. Rule 7.1(d)(1)(A).

After carefully considering the parties' briefs, the applicable case law, and the record, the Court enters the following order granting Brown's motion for partial summary judgment, and denying Valley County's motion for summary judgment and its motion for certification.

**MEMORANDUM DECISION AND ORDER - 2**

## FACTS

The parties stipulated to the following undisputed, material facts. Brown was a Valley County employee from 1998 until February 3, 2011. At the time of his separation, Brown was the Building Department Head for Valley County. During his employment, Valley County promulgated a Policy Manual, effective upon distribution for fiscal year 2004. (Policy Manual, Stipulation Ex. A, Dkt. 22.) Brown relies exclusively upon the Valley County Policy Manual as the basis for his property interest claim. Brown signed an "Acknowledgment of Receipt of New Valley County Personnel Policy Manual" on December 16, 2003. (Acknowledgment, Stipulation Ex. B, Dkt. 22.) This acknowledgment was of the 2004 Policy Manual, which is the only policy manual relevant in this case. On February 3, 2011, Plaintiff's employment was terminated, via a written termination letter.

According to the parties, the following provisions of the Policy Manual are material. First, in bold print on the first page, the Policy Manual contains a disclaimer regarding the creation of a contract of employment:

> THIS PERSONNEL POLICY IS NOT A CONTRACT. NO CONTRACT OF EMPLOYMENT WITH VALLEY COUNTY WILL BE VALID UNLESS IT IS SIGNED IN ACCORDANCE WITH PROPER PROCEDURES BY A SPECIFICALLY AUTHORIZED REPRESENTATIVE OF THE GOVERNING BOARD AND UNLESS IT IS SIGNED BY AND CONTAINS THE NAME OF THE EMPLOYEE WHO WOULD BE BENEFITED BY THE CONTRACT.
> CHANGES TO THE POLICIES AND BENEFIT OFFERINGS OUTLINED IN THIS HANDBOOK ARE SUBJECT TO CHANGE AT ANY TIME, WITHOUT NOTICE. CHANGES MAY BE MADE AT THE SOLE DISCRETION OF THE GOVERNING BOARD.

**MEMORANDUM DECISION AND ORDER - 3**

New employees were subject to a ninety day introductory period, during which "either the employee or Valley County may end the employment relationship at-will, with or without cause or advance notice." Otherwise, the Policy Manual classified employees, and defined an employee's employment status as follows:

> Except as otherwise provided in this paragraph, employees of Valley County will not be suspended without pay, demoted with an accompanying change in pay, or discharged from their positions except for cause related to performance of their job duties or other violations of this policy. Cause shall be determined by the employee's supervisor/elected official and shall be communicated in writing to the employee when employee status is changed.

> Only suspension without pay, demotion with change of pay, or discharge for cause shall be subject to the appeal procedure set forth in this personnel policy. The appeal procedure is to be construed in a directory [sic] manner.

> It is the duty of the appellant to show by clear and convincing evidence that the factual basis for the personnel action is incorrect or that the reasons for the personnel action are contrary to the public interest or violate existing law. Should the appellant establish such basis, the employee's back wages and benefits shall be restored as if the specified action had not been taken.

The Policy Manual established "the right to a hearing in the event of a discharge, demotion with attendant change in pay, or suspension," and outlined those procedures in Section V.

## ANALYSIS

### 1.    Motion to Certify

Idaho Appellate Rule 12.3 provides that a United States District Court may certify a question of law to the Idaho Supreme Court if two conditions are met: (1) the question certified is a controlling question of law in the pending action as to which there is no

**MEMORANDUM DECISION AND ORDER - 4**

controlling precedent in the decisions of the Idaho Supreme Court, and (2) the immediate
determination of the Idaho law with regard to the certified question would materially
advance the orderly resolution of the litigation in the United States Court. Idaho App. R.
12.3. As a general matter, the benefits of certification have been held to include: assuring
that state law will be applied uniformly and in accordance with the interpretations given
by each state's high court; state courts will have the benefit of having the final say on a
matter of state law; and, the federal courts can avoid the difficult task of attempting to
divine how a state court would rule on a matter of state law. *See Lehman Bros. v. Schein*,
416 U.S. 386, 391 (1974) (noting that certification "does, of course, in the long run save
time, energy, and resources and helps build a cooperative juridical federalism").

      Defendants seek certification of one question: "whether a public employee can
have a property interest in employment where a policy manual contains both contract
disclaimer language and language to the effect that an employee cannot be discharged
except for cause." Defendants claim this is an issue of first impression, and a controlling
issue in the case. Defendants are correct that the issue is central to this case. But
Defendants are mistaken that it is a "question of law" rising to a level requiring the Idaho
Supreme Court to decide it.

      This Court is asked to decide whether Brown held a property interest in his
continued employment based upon the language in the Valley County Policy Manual.
The Court looks to state law to determine the extent of his property interest. There is no
dearth of Idaho case law on this issue. The Court is left, then, to apply established Idaho
law to the facts of this case. It is not deciding a matter of public policy important to the

**MEMORANDUM DECISION AND ORDER - 5**

state, or a controlling question of law that is unresolved in Idaho. *See, e.g., Miller v. Four Winds Intern. Corp.*, 827 F.Supp.2d 1175 (D. Idaho 2011). To the contrary--the Court is interpreting existing Idaho case law on the matter and applying it to the facts, a task the Court does routinely. The Court will deny the motion to certify.

**2.     Summary Judgment Standards**

A principal purpose of summary judgment is to "isolate and dispose of factually unsupported claims ...." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 256–57. The non-moving party

**MEMORANDUM DECISION AND ORDER - 6**

must go beyond the pleadings and show "by [its] affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 324.

The party bearing the burden of proof at trial "must establish beyond controversy every essential element of its ... claim." *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003) (adopting decision of district court "as our own"). A party who does not have the burden "may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact." Fed. R. Civ. P. 56(c)(1)(B) (advisory committee's note.)

As a general rule, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *S. Cal. Gas Co.*, 336 F.3d at 889. An exception to this rule exists when cross-motions for summary judgment are filed. In that case, the Court must independently review the record for issues of fact. *Fair Housing Council of Riverside Co., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). Cross-motions for summary judgment—where both parties essentially assert that there are no issues of material fact—does not vitiate the court's responsibility to determine whether disputed issues of material fact are present. *Id*.

In this case, the parties argue vigorously as to their understanding of the Policy Manual. These disagreements are matters of argument and not contested issues of material fact. The parties have stipulated to the material facts, and have included the Policy Manual in their filings.

**MEMORANDUM DECISION AND ORDER - 7**

3.     **Due Process Claim**[2]

The Fourteenth Amendment to the United States Constitution protects individuals

from the deprivation of liberty or property by the government without due process. A

Section 1983 claim based upon procedural due process contains three elements: (1) a

liberty or property interest protected by the United States Constitution; (2) a deprivation

of that interest by the government; and (3) a denial of adequate procedural protections.

*Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). To state a claim

under the Due Process Clause, Brown must first establish he possessed a property interest

deserving of constitutional protection. *Brewster v. Bd. of Educ. of the Lynwood Unified

Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998); *see also Gilbert v. Homar*, 520 U.S. 924,

928–29 (1997). If a property interest exists, the essential requirements of due process are

notice and an opportunity to respond. *See Cleveland Bd. of Educ. v. Loudermill et al.*, 470

U.S. 532, 546 (1985). The Due Process Clause does not create substantive property

rights; property rights are defined instead by reference to state law. *Portman*, 995 F.2d at

904.

To determine whether Brown's due process rights were violated, the Court first

must determine whether Brown possessed a constitutionally protected property interest in

continued employment. *Dyack v. Commonwealth of N. Mariana Islands*, 317 F.3d 1030,

1033 (9th Cir. 2003) (citing *Loudermill*, 470 U.S. at 538). To have a property interest, a

person must have "a legitimate claim of entitlement to it," and such claim may be based

---

[2] The parties did not separately brief the due process claim asserted under the Idaho Constitution. It appears the
parties agree that the at-will status of Brown's employment is determinative of both constitutional claims at this
juncture.

upon a rule or policy that secures an interest in continued employment or that creates a legitimate claim to it. *See Bd. of Regents v. Roth*, 408 U.S. 564, 577, 578 (1972).[3] *See also Sonoda v. Cabrera*, 255 F.3d 1035, 1040 (9th Cir. 2001) ("An individual 'has a constitutionally protected property interest in continued employment ... if he has a reasonable expectation or a 'legitimate claim of entitlement' to it, rather than a mere 'unilateral expectation.'") (citation omitted).

Valley County argues that the disclaimer in the Policy Manual preserved Brown's at-will status under Idaho law, leaving Brown without a constitutionally protected property interest in continued employment. Valley County begins with the premise that the employment relationship itself is a contractual relationship. Because the bold faced disclaimer on the first page of the Policy Manual negates an intent that it become an employment contract, Valley County argues Brown's at-will status was preserved. According to Valley County, the policies set forth in the Policy Manual were simply pro-employee guidelines that were not mandatory, did not limit the reasons for discharge, and simply created a framework for the employment relationship.

Brown concedes he does not have a contractual right to continued employment, and his complaint does not assert a breach of contract claim. But Brown argues that, despite the lack of a contractual right to continued employment, he held a legitimate

---

[3] In *Roth*, the Supreme Court recognized that a public employee who may be discharged only for cause has a constitutionally protected property interest in his tenure and cannot be deprived of his employment without due process. *Roth*, 408 U.S. at 578; *see also Gilbert v. Homar*, 520 U.S. 924, 928—29 (1997). However, the Supreme Court held in *Roth* that the university professor did not have a property interest in re-employment for the next year, in part because "no state statute or University rule or policy" secured his interest in re-employment. 408 U.S. at 578. Therefore, it stands to reason that the converse is true---a policy may establish an interest in re-employment or continued employment, as the case may be.

**MEMORANDUM DECISION AND ORDER - 9**

claim of entitlement to continued employment based upon the Policy Manual provisions taken as a whole. He points to Section IV(A)(1) of the Policy Manual, which limits discharge "except for cause related to performance of [your] job duties or other violations of this policy." According to Brown, the Policy Manual's provisions, considered as a whole, rebut the presumption that his employment status was "at-will," and gave him a legitimate claim of entitlement to continued employment.

Valley County contends the facts of this case and applicable law are most similar to those in *Lawson v. Umatilla County*, 139 F.3d 690 (9th Cir. 1998). Oregon state law codifies the at-will status of all county employees, stating such employees "hold office during the pleasure of the appointing officer." 139 F.3d at 692. Valley County asserts that Oregon's state statute is analogous to Idaho's legal presumption endorsed in Idaho case law that employment is at-will "unless the employee is hired pursuant to a contract that states a fixed term or limits the reasons for discharge." *Bollinger v. Fall River Rural Electric Coop., Inc.*, 272 P.3d 1263, 1267 (Idaho 2012). And in *Lawson*, the county's employment manual contained a disclaimer similar to the disclaimer in this case, which stated: "under no circumstances shall these policies be construed to act as any type of employment contract with any employee" of the county.

Lawson asserted a Section 1983 due process claim, while Umatilla County relied upon the disclaimer and contended Lawson was an at-will employee with no protected property right. The court held that the disclaimer was an "unambiguous statement that the general at-will status of county employees established by [statute] shall not be altered by

**MEMORANDUM DECISION AND ORDER - 10**

the provisions" of the policy manual. *Id.* at 693.[4] The court found that the handbook

provision stating "[n]o permanent employee shall be disciplined except for violation of

established rules and regulations," taken together with the disclaimer and Oregon state

law, did not give the employee a property interest in continued employment. In so

holding, the court noted that a handbook disclaimer can retain the employee's at-will

status even when employment policies provide specific reasons for termination and for an

appeal process. *Id.*

  Recently, this Court had an opportunity to apply *Lawson* to claims brought by a

Power County Sheriff's deputy upon his termination from employment. Power County's

policy manual is strikingly similar to Valley County's Policy Manual. *See Harms v.*

*Power County*, Case No. 4:11-cv-00111-EJL-CWD, Mem. Order (Mar. 4, 2013) (Dkt.

35).[5] In fact, the contract disclaimer language in Power County's manual is similar to the

disclaimer in Valley County's Policy Manual. *Harms*, Mem. Order at 13. Power County

moved for summary judgment on Harms's constitutional claims brought under Section

1983,[6] arguing the language in its policy manual preserved Harms's at-will status and he

had no constitutionally protected property interest in continued employment, despite a

provision requiring cause for termination of employment.

---

[4] Brown cites to Judge Pregerson's dissent in *Lawson*, wherein he disagreed with the majority and would have found that Lawson could only be fired for cause based upon the language of the policy manual. Judge Pregerson viewed the disclaimer as precluding only breach of contract claims, not due process claims. *Id.* at 695. The Court finds it unnecessary to resolve which side—the majority or the dissent---had the better reasoned view in *Lawson*, because it finds the facts in *Lawson* distinguishable, as discussed later in this opinion.

[5] *Harms* was decided after the Court conducted oral argument in this matter, but the facts and law discussed are directly applicable to this case, and the Court would be remiss if discussion of the decision was not included.

[6] Unlike Brown, Harms brought additional claims against Power County for breach of employment contract, and violation of Idaho state law, specifically the Idaho Personnel Act.

**MEMORANDUM DECISION AND ORDER - 11**

The Court in *Harms* discussed the manual's provisions regarding workplace conduct as well as its disciplinary penalties, finding that the provisions were not all-inclusive and subject to change at any time. Because of the unlimited discretion retained by Power County, the Court found that the manual could not be read to create a protected property interest. *Harms*, Mem. Order at 24. Second, the Court held that, under *Lawson*, the manual's provisions regarding dismissal except for cause failed to create a property interest when construed in conjunction with the disclaimer. *Harms*, Mem. Order at 24--26. But, importantly, Harms signed an acknowledgment form that stated he "understood and agreed" that the handbook was not an employment contract or a guarantee of any particular length or term of employment, that he was an "employee at-will," and that the list of rules contained in the handbook were "illustrative and not all inclusive." As a result, the Court held that it was not just the contractual disclaimer, but also the discretionary language of the manual, and the receipt and acknowledgment form "under which Plaintiff unequivocally renounced a right to anything other than at-will employment," that together precluded Harms from claiming a property interest in continued employment. *Harms*, Mem. Order at 26 and n.9 (Dkt. 35.)[7]

The Court concludes that the facts in *Lawson* and *Harms* are distinguishable from the facts before the Court in this matter, and that the Policy Manual disclaimer did not preserve the at-will status of Brown's employment as a matter of law. Here, the Policy Manual mentions an employee is at-will during the introductory period. After the 90 day introductory period, there is no mention of an employee retaining the at-will moniker.

---

[7] The plaintiff filed a notice of appeal in *Harms* on April 1, 2013.

**MEMORANDUM DECISION AND ORDER - 12**

Instead, employees are told that Valley County's policy requires "cause related to performance of their job duties or other violations of this policy" before an adverse employment action may be taken against an employee. The paragraph requiring cause begins with the phrase: "Except as otherwise provided in this paragraph." The paragraph does not say "except as otherwise provided in this Policy Manual," but rather is confined to that paragraph. Thus, the "for cause" paragraph stands alone, without reference to any other portion of the Policy Manual, and therefore excludes any cross-reference to the disclaimer language or any other provision of the Policy Manual. The reference to the employee's duty to prove that the factual basis for the personnel action is incorrect does not change the requirement that adverse employment actions require cause related to job performance or violation of policy.

Another important difference between this case and both *Lawson* and *Harms* is the lack of an emphatic at-will acknowledgement. Although Brown signed an acknowledgement and receipt form, it simply reiterated that the Policy Manual was "not a contract and cannot create a contract," and that Brown was obligated to perform his job duties in conformance with the provisions of the Policy Manual. There was no acknowledgment like the one Harms signed, which unequivocally stated Harms was employed "at-will." Nowhere in the Policy Manual, other than in the paragraph discussing the introductory period, does it say employees could be discharged for any reason or at any time, without cause. And while Oregon codifies the at-will status of its county employees in a state statute, Idaho does not. Rather, Idaho case law has developed

to hold that an employee is presumed to be at-will, but that presumption may be rebutted by express or implied contract. *Bollinger*, 272 P.3d at 1269.

Lastly, although the Valley County Policy Manual includes expectations of performance and rules regarding workplace conduct that are not all inclusive and that may be changed at any time, such facts, together with the disclaimer, were not the only deciding factors in *Harms* for finding Harms's employment was at-will.  Rather, the Court was clear that it was the three-part combination of the discretionary disciplinary policies, the contract disclaimer, *and* the at-will acknowledgment which precluded a finding that Harms had a protected property interest in continued employment with Power County, despite the one clause stating Harms could be discharged only for cause. Here, the stool is missing a leg. Other than during the ninety day introductory period, the Policy Manual did not unequivocally state that Brown was an at-will employee.

Although Valley County's policies are subject to change at any time and Valley County has discretion to change them, Brown could only be discharged for "violation of this policy," meaning the policies expressed in the Policy Manual. Further, Brown was expected to perform his job duties "in conformance with the provisions" of the Policy Manual. This leads to the reasonable inference, as Brown argued, that after the ninety day introductory period employment was no longer "at-will" given the mandatory nature of the "for cause" paragraph excluding reference to any other part of the Policy Manual. Further, there was an express requirement that, at least for Brown, adherence to the policies expressed in the Policy Manual was mandatory. The policies cannot, on the one

**MEMORANDUM DECISION AND ORDER - 14**

hand, be advisory and discretionary for Valley County, but on the other hand mandatory for Brown.

Valley County next argues that the line of private employer cases cited in and relied upon by the Idaho Supreme Court in *Bollinger v. Fall River Rural Elec. Coop., Inc.*, 272 P.3d 1263, 1269 (Idaho 2012) support its argument that Brown retained his at-will status. The long-standing rule is that employment in Idaho is presumed to be at-will unless the employee is hired pursuant to a contract that states a fixed term or limits the reasons for discharge. *Bollinger*, 272 P.3d at 1269.[8] Valley County argues its disclaimer, which disavowed the creation of a contract of employment, results in Brown's inability to rely upon the Policy Manual to create a contractual right rebutting the at-will presumption. Put another way, without a contract, or a contractual right that rebuts the at-will presumption, Valley County argues the Policy Manual is simply general policy that neither binds Valley County nor constitutes part of the employment agreement.

But Valley County's argument suffers from a fatal flaw. In essence, Valley County argues Idaho law requires a contractual right upon which the employee must rely to rebut the at-will presumption. Yet *Bollinger* and its predecessors recognized that, in the absence of an express contract, a limitation to the at-will employment presumption may be implied where the circumstances surrounding the employment relationship could cause a reasonable person to conclude that the parties intended a limitation on discharge.

---

[8] The following cases set forth the same general principle: *Jenkins v. Boise Cascade Corp.*, 108 P.3d 380, 387—88 (Idaho 2005); *Mitchell v. Zilog, Inc.*, 874 P.2d 520, 524—25 (Idaho 1994); *Sorensen v. Comm Tek, Inc.*, 799 P.2d 70, 73—74 (Idaho 1990); *Metcalf v. Intermountain Gas Co.*, 778 P.2d 744, 747 (Idaho 1989); *Watson v. Idaho Falls Consol. Hosp., Inc.*, 720 P.2d 632, 635—36 (Idaho 1986); *Jones v. Micron Tech., Inc.*, 923 P.2d 486, 489—90 (Idaho Ct. App. 1996).

**MEMORANDUM DECISION AND ORDER - 15**

*Bollinger*, 272 P.3d at 1269. Statements made and policies promulgated by the employer, whether in an employment manual or otherwise, may give rise to such an implied-in-fact agreement. *Id.* In other words, an express contract or contract right does not preclude a finding that the at-will presumption has been overcome. *See, e.g.*, *Ray v. Nampa School District*, 814 P.2d 17, 20 (Idaho 1991) (finding verbal statements together with an employee handbook created a factual issue of whether an implied employment contract existed); *Parker v. Boise Telco Federal Credit Union*, 923 P.2d 493, 496—97 (Idaho Ct. App. 1996) (finding that the lack of a written agreement did not mean there was no contract of employment; an employment contract exists by virtue of the employment relationship itself, of which the manual may be a part).

The absence of a contract, although relevant, is not dispositive of Brown's procedural due process claim. *Perry v. Sindermann*, 408 U.S. 593, 599 (1972); *see also Harms*, Mem. Order at 17 (stating that the absence of a contractual right to continued employment does not necessarily lead to a finding that the employee lacked a property interest in continued employment). The United States Supreme Court in *Perry* explained that the concept of "'property' denotes a broad range of interests that are secured by existing rules or understandings. A person's interest in a benefit is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing." *Perry*, 408 U.S. at 601 (citing *Roth*, 408 U.S. at 577).

Stated another way, the lack of an express contract, which Brown concedes is disclaimed by the Policy Manual, does not determine the outcome of Brown's due

**MEMORANDUM DECISION AND ORDER - 16**

process claim; but the Policy Manual is relevant for determining whether Brown may claim a property right in continued employment. *See Sommer v. Elmore County*, No. 1:11-cv-00291-REB, 2012 WL 4523449 (D. Idaho Sept. 30, 2012)[9] (expressly recognizing that Elmore County's policy manual was not a contract, but relying upon its language to determine whether the plaintiff's due process claim was subject to dismissal); *Cameron v. Owyhee County*, No. CV09-423-REB, 2011 WL 2945820 (D. Idaho July 20, 2011) (finding that the express at-will provision stated clearly in the personnel handbook, not the lack of a contract, was determinative of the due process claim); *Thompson v. City of Idaho Falls*, 887 P.2d 1094 (Idaho Ct. App. 1994) (relying upon the language of the policy manual, not whether a contract existed, to determine the plaintiff's property interest claim).

Valley County's argument that its disclaimer disposes of Brown's due process claim also distorts the rule applicable under *Bollinger* and its predecessors. *See Metcalf*, 778 P.2d at 746. Valley County's argument, by logical extension, would result in the following application of Idaho's at-will employment rule: "unless an employee is hired pursuant to a contract, then employment is at-will." But the rule requires reference to the employee handbook or other policy manual to ascertain if it either states employment is for a specified term, or contains limitations on an employer's ability to discharge an employee.

---

[9] The Court decided the defendants' motion to dismiss, not a motion for summary judgment, in the opinion citied herein. A motion for summary judgment is now pending, but has not been decided. The Court does not intend for any part of this opinion to comment on the facts before the Court on the motion for summary judgment in the *Sommer* matter.

**MEMORANDUM DECISION AND ORDER - 17**

The Court finds that, when viewed as a whole, the Valley County Policy Manual places limitations on the reasons for discharge sufficient to create a property interest in continued employment. Neither the contract disclaimer nor the discretionary nature of the Policy Manual's disciplinary rules are sufficient to negate the effect of the stand-alone provision requiring cause related to performance of job duties or other violations of the policy for termination. *See Harkness*, 715 P.2d at 1287 (citing *Maloney v. Sheehan*, 453 F.Supp. 1131, 1141 (D. Conn. 1978) ("A law establishes a property interest in employment if it restricts the grounds on which an employee may be discharged. For example, if discharge can only be for 'just cause,' an employee has a right to continued employment until there is just cause to dismiss him.").[10]

Valley County's contention that its disclaimer is sufficient to preserve the at-will employment relationship is unavailing. In the employment manual cases where the Idaho appellate courts found the at-will employment relationship preserved, the manuals did not just disclaim the existence of a contract; they also stated clearly either in the disclaimer or somewhere else, such as in the text of the manual or in the acknowledgment, that employment was at-will. *Bollinger*, 272 P.3d at 1267 (manual in effect at time of discharge contained a provision stating that in the absence of a separate written contract

---

[10] Valley County relies upon *Zilog* for its claim that, if the Court finds the disclaimer insufficient to negate the for-cause language, both motions should be denied because there is a question of fact for the jury to decide. However, the court in *Zilog* decided a breach of contract claim. In so doing, the court noted that, if an employee handbook negated an intent to create a contract, a court may conclude from a review of the handbook that whether the handbook was intended by the parties to impliedly express a term of the employment agreement is a question of fact. *Zilog*, 874 P.2d at 524. By deciding that the disclaimer negated an intent to form an employment contract, there was no factual issue. *Id.* at 525. Here, in contrast, the Court is not deciding whether there was or was not a contract, because this case does not involve a breach of contract claim. The Court has previously explained that the existence of a contract, while it may be relevant, is not solely determinative of a due process claim asserting a property interest in continued employment.

**MEMORANDUM DECISION AND ORDER - 18**

fixing a term of employment, employees are at-will and may be terminated by the company at any time); *Jenkins v. Boise Cascade Corp.*, 108 P.3d 380, 387--88 (Idaho 2005) (manual stated that an employee could be discharged with or without cause and that the handbook was not part of the employment contract); *Jones v. Micron Technology, Inc.*, 923 P.2d 486 (Idaho 1996) (employee signed a written agreement acknowledging his employment was not for any definite period and that his employment could be terminated without cause at any time, thereby negating anything in the employment manual to the contrary); *Mitchell v. Zilog, Inc.*, 874 P.2d 520, 524 (Idaho 1994) (manual stated that it was not to be construed as a contract, and elsewhere that employment was at-will); *Sorensen v. Comm Tek, Inc.*, 799 P.2d 70, 73—74 (Idaho 1990) (manual had both a disclaimer that indicated employment was at-will, and elsewhere that the policies did not confer any right or privilege to remain an employee). Here, in contrast, the lack of any express "at-will" language, together with the stand-alone paragraph requiring cause related to job performance or other violation of policy, rebuts the at-will presumption as a matter of law.[11]

## CONCLUSION

For the above reasons, the Court finds as a matter of law that the Valley County Policy Manual, viewed as a whole, is not susceptible to two otherwise reasonable interpretations. While the Policy Manual does state it is not a contract, elsewhere in the

---

[11] It would have been a simple task to revise the manual and include language notifying employees they could be discharged for any reason, that their employment was "at-will," or that they could be discharged without cause---or any other similar language used by the employers in the cases cited above. *See e.g., Parker*, 923 P.2d at 495, 496--97(court examined revised policy manual, and concluded the second manual, which stated "all employment was at-will," preserved the employer's right to terminate Parker at-will).

**MEMORANDUM DECISION AND ORDER - 19**

Policy Manual, and in a self-contained paragraph, it states that employees past their introductory period could be discharged only for cause related to performance of job duties or other violations of the policies set forth in the Policy Manual. Although Valley County retained discretion to change the policies, Brown was expressly required to follow the policies stated in the Policy Manual. And Brown did not sign an acknowledgment stating he understood his employment was "at-will," nor did the Policy Manual contain any other provision explaining Brown could be terminated from employment for any reason, or for no reason, or at any time or manner. Because the Policy Manual limited the reasons for which Brown could be discharged, Brown was not an at-will employee and had a protected property interest in his continued employment.

**MEMORANDUM DECISION AND ORDER - 20**

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiff's Motion for Partial Summary Judgment (Dkt. 20) is **GRANTED**.

2) Defendants' Motion for Summary Judgment (Dkt. 21) is **DENIED**.

3) Defendants' Motion for Certification (Dkt. 39) is **DENIED.**

4) The Court will conduct a telephonic scheduling conference with the parties to establish new case management deadlines in light of the Court's Order. A separate Notice of Hearing will be forthcoming.

Dated: **April 09, 2013**

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 21**